IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-05-169-C |
| | ) | |
| DEAN ROBERT PAYNE, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Suppress Evidence Derived in Violation of the Fifth Amendment of the Constitution. Plaintiff filed a Response and the Court held an evidentiary hearing. The matter is now at issue.

Defendant is charged with three counts of murder in violation of 18 U.S.C. § 1111(a) and 1153. In August of 2005, Defendant shot his three children and then set his home on fire, burning it and the three bodies. The next morning, Defendant presented himself to law enforcement officers and confessed to the crimes. Defendant filed the present motion alleging his confession should be suppressed as it was improperly obtained.

Defendant argues two distinct grounds as providing proof of the violation of his Fifth Amendment rights. First, Defendant argues he was in custody at the time he made his first statements and therefore should have been given Miranda[1] warnings. Second, Defendant argues his waiver of rights and confession were not voluntary.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

Regarding the custody issue, Defendant argues that when he presented himself to law enforcement officers at the Ferguson home, he expected to be arrested and therefore should be considered in custody. The Court disagrees, as the evidence presented at the hearing made clear that officers went to the Ferguson home at the request of Defendant and upon their arrival Defendant approached them and stated: "I'm responsible for what happened." When officers inquired by asking: "What are you talking about?" Defendant responded: "I'm responsible for the fire." Following this statement, Defendant was arrested. The Court finds that at the time the statements were made, Defendant was not in custody. Therefore, there was no obligation on the law enforcement officers to provide any warnings or notice of rights. Oregon v. Mathiason, 429 U.S. 492, 495 (1977)("Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'")

Turning to the question of voluntariness, the Court finds Defendant's actions in waiving his rights and confessing to law enforcement were voluntary acts. Following his arrest, Defendant was transported by a Caddo County Deputy Sheriff to a different location to await the arrival of Special Agents from the BIA and FBI. The evidence established that noone questioned or conversed about the facts of the investigation with Defendant until the arrival of the BIA and FBI agents. Upon arrival, FBI agent DeLaughter questioned Defendant about his medical condition, had his handcuffs removed and transferred Defendant from the deputy's car to the BIA agent's car. The evidence is clear that once everyone was seated in the BIA agent's car, Agent DeLaughter explained the Miranda warnings to Defendant and obtained a waiver of those rights. Defendant raises two claims regarding the

voluntariness of his waiver and confession. First, Defendant asserts that his mental condition was such that he could not have voluntarily waived his rights or confessed. Second, Defendant argues that the decision to question him in a church parking lot was employed to take advantage of his religious beliefs and thereby coerce him. Neither argument has merit. First, there is no evidence the law enforcement officers were in any way coercive, either in obtaining a waiver or a confession. Rather, the evidence is to the contrary. At all time the officers were quite solicitous of Defendant's physical condition and in no way attempted to impact his mental condition. The Supreme Court has made clear that an initial inquiry into questions of voluntariness must be the coercive tactics of law enforcement. See Colorado v. Connelly, 479 U.S. 157 (1986). The Tenth Circuit has stated: "Thus, E.L.'s age, mental capacity, and personal idiosyncrasies are relevant only if this court first concludes that the officers' conduct was coercive." United States v. Erving L., 147 F.3d 1240, 1249 (10th Cir. 1998). Thus, in the absence of evidence of coercion by the law enforcement officers, it cannot be found that Defendant's waiver or confession was involuntary.

Even so, the evidence presented to the Court makes clear that Defendant was competent to make a voluntary waiver and confession. The evidence before the Court demonstrates that at the time of the waiver and confession, Defendant was aware of the nature and consequences of his acts. Indeed, the testimony was that Defendant mentioned that he would be going to jail for his acts. Defendant was rational and in control of his thought process. There is no evidence that at the time he waived his rights or confessed, Defendant was unable to make a reasoned and rational decision.

As for the impact of the location of the interrogation, the Court finds no support for Defendant's argument. Defendant suggests that the officers deliberately chose that location, the parking lot of an abandoned church, to take advantage of Defendant's religious beliefs. However, there was no evidence that the law enforcement officers who chose that location were aware of Defendant's beliefs. Indeed, based on the evidence before the Court, the first time law enforcement became aware of those beliefs was during Defendant's confession while seated in the BIA Agent's car. Thus, it cannot be said that the location was chosen as a means of coercing Defendant. In short, the evidence clearly demonstrates that Defendant's waiver of rights and subsequent confession was voluntary.

For the reasons set forth more fully herein and announced at the evidentiary hearing, Defendant's Motion to Suppress Evidence Derived in Violation of the Fifth Amendment of the Constitution (Dkt. No. 31) is DENIED.

IT IS SO ORDERED this 27th day of July, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge