IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-05-169-C |
| ) | |
| DEAN ROBERT PAYNE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking early compassionate release. In support, Defendant points to his medical conditions – Type-2 diabetes and other miscellaneous complaints. Defendant states that he has a terminal illness but does not specify either the illness or his life expectancy. Defendant argues these conditions increase his risk of complications should he contract COVID-19. Plaintiff has filed a Response to the Motion and the matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. As Plaintiff notes, Defendant has met the required step of exhausting administrative remedies. Section 3582(c)(1)(A) requires an individual seeking relief to first file a request with the warden at the facility of incarceration. If that request is denied or deemed denied, then and only then may relief be sought in court. Here, Defendant requested relief and then waited more than 30 days for a response prior to seeking relief from the Court. Plaintiff notes that although Defendant suffers from a serious health condition – Type 2 diabetes – he has continually refused treatment

for that condition.  Plaintiff argues it is disingenuous to rely on a medical condition to demonstrate extraordinary and compelling reasons for compassionate release while refusing medical care for that condition.  It is unnecessary to resolve this dilemma as Defendant's request fails at the third step.

As Plaintiff notes, considerations of the 18 U.S.C. § 3553(a) factors do not support early release.  In particular, 18 U.S.C. § 3553(a)(2)(A), states: "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" When considering this factor, the Court finds that the nature of Defendant's criminal conduct leading to his incarceration does not demonstrate that early release is warranted.  As Plaintiff notes, Defendant's criminal conduct was cruel and heinous.  He killed three young children in a violent manner and as a result received a life sentence.  The nature of the crimes committed and Defendant's actions when committing those crimes warrant a sentence of substantial length.  The Court finds that the time served by Defendant is insufficient to reflect the seriousness of the offense and/or to provide adequate punishment for the offense.

For the reasons set forth herein, Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. No.73) is DENIED.

IT IS SO ORDERED this 22nd day of February 2021.

ROBIN J. CAUTHRON
United States District Judge